IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAWN AMORA AND CARLOS MORA,<br><br>Plaintiffs,<br><br>v.<br><br>HOMESALES INC, et al.,<br><br>Defendants. | No. C 12-03210 JSW<br><br>**ORDER OF DISMISSAL WITHOUT PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION** |

On June 20, 2012, Plaintiffs filed a Complaint in this action, in which they allege that this Court has diversity jurisdiction. On July 10, 2012, Plaintiffs filed an *ex parte* application for a temporary restraining order, in which they ask this Court to prevent Defendants from evicting them. According to the *ex parte* application, an unlawful detainer action is pending in state court, and that court is scheduled to hear a final judgment on July 13, 2012.

Federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts are under a duty to raise and decide issues of subject matter jurisdiction *sua sponte* at any time it appears subject matter jurisdiction may be lacking. Fed. R. Civ. P. 12(h)(3); *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). This Court only has original subject matter jurisdiction in diversity cases where the matter in controversy exceeds the sum of $75,000 and is between citizens of different states. 28 U.S.C. § 1332. No plaintiff can be a citizen of the same state as any of the defendants. *Strawbridge v. Curtiss*, 7 U.S. 267 (1806).

//

According to Plaintiffs' Complaint, Plaintiffs are residents of California. Defendant California Reconveyance Company also is a resident of California. Therefore, based on the face of the Complaint, the parties are not completely diverse. Plaintiffs do not allege any other basis for federal jurisdiction.[1]

Accordingly, because the Court lacks subject matter jurisdiction over this action, the Court must dismiss this case. However, this ruling is without prejudice to Plaintiffs refiling their claims in state court.

**IT IS SO ORDERED.**

Dated: July 11, 2012

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

---

[1] Although Plaintiffs include a cause of action pursuant to the Declaratory Judgment Act, that act does not provide an independent basis for jurisdiction. *See, e.g., Countrywide Home Loans, Inc. v. Mortgage Guaranty Insurance Corp.*, 642 F.3d 849, 853 (9th Cir. 2011) ("the DJA gave district courts the discretion to provide a type of relief that was previously unavailable, but did not impliedly repeal[ ] or modif[y]' the general conditions necessary for federal adjudication (e.g., a federal question or diversity of citizenship)") (quoting *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 672 (1950)).

Moreover, even if the Court has subject matter jurisdiction, and even if Plaintiffs had demonstrated a likelihood of success on the merits, it is unlikely that the Court could grant Plaintiffs the relief they request. Pursuant to the Anti-Injunction Act, a federal court "may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. "The limitations expressed in the Anti-Injunction Act 'rest[] on the fundamental constitutional independence of the States and their courts,' *Atlantic Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 287 (1970), and reflect 'Congress' considered judgment as to how to balance the tensions inherent in such a system,' *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 146 (1988)." *Sandpiper Village Condo. Ass'n v. Louisiana-Pacific Corp.*, 428 F.3d 831, 842 (9th Cir. 2005). "[T]he Act is designed to prevent friction between federal and state courts by barring federal intervention in all but he narrowest of circumstances." *Id.* Although there are exceptions to the Anti-Injunction Act, "the court cannot discern ... how the request to simply stay the unlawful detainer action falls into one of the exceptions listed in the Act." *Sato v. Wachovia Mortgage, FSB*, 2012 WL 368423, *2 (N.D. Cal. Feb. 3, 2012).

**United States District Court**
For the Northern District of California

1  UNITED STATES DISTRICT COURT
2  FOR THE
3  NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAWN AMORA AND CARLOS MORA et al, | Case Number: CV12-03210 JSW |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| HOMESALES INC et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 11, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Carlos Mora
26801 Ridge Road
Willits, CA 95490

Dawn Amora
26801 Ridge Road
Willits, CA 95490

Dated: July 11, 2012

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk